

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

December 16, 1949

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-974

Re: The correct persons from
North Texas State College
and from Texas State Col-
lege for Women to approve
accounts for payment by
the State Comptroller.

Dear Sir:

Your inquiry concerns the authority of the
Boards of Regents of the North Texas State College and
the Texas State College for Women to designate someone
other than a member of the Board to approve accounts
presented to you for payment out of the General Revenue
Fund of this State. You inform us that under the pres-
ent practice "the persons approving the accounts are
designated as Secretary or Treasurer to the Board of Re-
gents, but draw compensation as Business Manager or for
some other services rendered their respective institu-
tions."

The following excerpt from the minutes of the
Board of Regents of the North Texas State College, dated
July 7, 1949 is submitted along with your request for an
opinion:

"Authorization for State voucher sig-
natures

"Upon motion of Regent . . . seconded
by Regent . . ., the vote being 9 'ayes' and
0 'noes', it was ordered:

"That the following College officials
be designated to sign and approve vouchers
drawn on State Funds appropriated to North
Texas State College for payment of such items

as salaries, maintenance, equipment, travel, repairs, improvements and lands, when such vouchers are drawn in conformity with the annual budget approved by the Board of Regents:

"D. Boyd, Comptroller, or
Robert Caldwell, Secretary fo the
Board of Regents."

We assume that an authorization similar in form to that quoted above has been passed by the Board of Regents of the Texas State College for Women.  It is well settled that in the absence of express legislative authority so to do, a State Board may not delegate any of its authority which involves the exercise of discretion, but may delegate only ministerial functions.  Webster v. Texas & Pacific Motor Co., 140 Tex. 131, 166 S.W.2d 75 (1942); Attorney General Opinions V-286 and V-436.

With this principle before us we shall first discuss the situation with regard to the North Texas State College.  H.B. 691, Acts 51st Leg. R.S. ch. 258, p. 475 (Art. 2651a, V.C.S.) reorganized the North Texas State Teachers College; changed its name to that mentioned above; removed it from the control of the Board of Regents of the State Teachers Colleges; and, provided for the establishment of and control by a Board of Regents for the reorganized College.  With regard to the powers granted to this newly formed Board of Regents, Section 2 of H.B. 691 provides in part:

". . . The first meeting of the Board shall be held at a time and place designated by the Governor.  At this meeting the Board shall organize by electing a chairman, and such other officers as it may deem necessary. Thereafter, the Chairman shall convene the Board of Regents to consider any business connected with said College whenever he deems it expedient."

Section 3 of the Bill provides in part:

". . . All powers, duties, rights, obligations and functions of the Board of Regents of the State Teachers Colleges as these relate to North Texas State Teachers College shall be vested in and for performance by the Board of Regents of North Texas State College

> to be executed and administered by said
> Board under the provisions of this Act and
> the laws of Texas."

Thus, in order to determine the power of the newly created Board with regard to the problem presented here we must refer to the statute which defines the powers of the Board of Regents of the State Teachers Colleges, Article 2647, V.C.S. Subdivision 7 of that statute provides:

> "All appropriations made by the Legislature for the support and maintenance of the State Teachers Colleges, for the purchase of land or buildings for the use of such schools, for the erection or repair of buildings, for the purchase of apparatus, libraries, or equipment of any kind or for any other improvement of any kind, shall be disbursed under the direction and authority of the board of regents; and said board shall have the power to formulate and establish such rules for the general control and management of the State normal schools for white teachers, for the auditing and approval of accounts, and for the issuance of vouchers and warrants as in their opinion may be necessary for the efficient administration of such schools."

Manifestly then, once the Board has "directed and authorized" the purpose for which funds shall be disbursed, it may "formulate rules for . . . approval of accounts and for issuance of vouchers and warrants" should it deem this necessary for efficient administration. This approval or authorization for disbursement of funds may be made in the budget or by any other Board action which itemizes the expenditures with sufficient particularity so that your office will be able to ascertain that the vouchers are issued in compliance therewith. Whether the Board action is sufficiently explicit to constitute the exercise of its discretion, leaving only ministerial functions to the issuing officers, may be determined by you in each case as the voucher is presented.

The Texas State College for Women is governed by its separate Board of Regents, and Article 2625, V.C.S., the statute which created the Board, provides in part:

". . . The Board of Regents shall
have the power incident to their position
and to the same extent, so far as may be
applicable and shall receive like compen-
sation as is conferred by law on regents
of the State University; said Board of Re-
gents shall elect a president, a secretary
and a treasurer whose terms of office shall
be two years. . . The treasurer shall re-
ceive and disburse all money under the di-
rection of the Board."

Thus the Board of Regents of this College is
given the same powers as the Board of Regents of The
University of Texas, so far as they are applicable. In
Article 2594, V.C.S. this latter Board is given the fol-
lowing authority with regard to expenditures:

"All expenditures may be made by the
order of the board of regents, and the
same shall be paid on warrants from the
Comptroller based on vouchers approved by
the chairman of the board or by some offi-
cer of the University designated by him in
writing to the comptroller, and counter-
signed by the secretary of the board, or by
some other officer of the University desig-
nated by said secretary in writing to the
Comptroller."

By virtue of this authority and the assump-
tion that the Board of Regents of the the Texas State
College for Women has authorized the expenditures in an
itemized budget or by other order of the Board, it may
appoint someone other than a member of the Board to ap-
prove the vouchers for the expenditures.

Thus we find statutory authority for a delega-
tion of the function of approving accounts by the Boards
of Regents of both colleges mentioned in your request.
Hence, any delegation of this sort, after approval of the
expenditures by the Boards of Regents, would not conflict
in any way with the well-settled rule on delegation above
stated. This is true both on the basis of express legis-
lative authority and the consideration that once the Board
has acted in approving the expenditure of the appropriated
funds for certain purposes, the approval of payment of
funds in conformance therewith is ministerial in nature.

## SUMMARY

The Boards of Regents of the North Texas State College and Texas State College for Women may appoint persons other than members of the Board as officers of the Colleges. The Boards may, after approving expenditures for operation of the Colleges, designate someone other than a member of the Board to approve accounts to be presented to the State Comptroller of Public Accounts for payment in accordance with prior approval by the Board.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By E. Jacobson

E. Jacobson
Assistant

EJ:wb

APPROVED:

Price Daniel

ATTORNEY GENERAL